## CIRCUIT COURT OF FAIRFAX COUNTY

Crestar Bank

v.

Fairfax Bank & Trust

October 18, 1991

Case No. (Law) 94738

By JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on the plaintiff's motion for judgment. The motion is denied based on the reasons set forth below.

Fairfax Bank & Trust (FB&T) is not liable to Crestar for the proceeds of the check because the funds were placed in the intended payee's account. Virginia Code Section 8.4-207(1)(a) provides that the collecting bank (FB&T) which obtains payment or acceptance of an item, warrants to the payor bank (Crestar) which pays in good faith, that it has good title to the item or is authorized to obtain payment on behalf of one who has good title. Va. Code Ann. Section 8.4-207(1)(a) (1985). Therefore, a collecting bank obtains good title to an item by obtaining the proper endorsement of the holder.

Crestar argues that FB&T failed to obtain any endorsement on the check sufficient to transfer title to it as a collecting bank, thereby causing a breach of warranty of presentment when the instrument was subsequently transferred to Crestar for value. However, even if FB&T failed to obtain the proper title to the check, there exists an exception to this provision of the UCC which relieves FB&T of liability.

This exception states that where the proceeds of the check reach the intended payee, there cannot, as a

general rule, be a cause of action by anyone on the endorsement. As stated in *Perini Corporation v. First National Bank of Habersham County, Georgia,* 553 F.2d 398, 413 (5th Cir. 1977):

> Where missing or formally incomplete endorsements are concerned, it is consistent both with the drafter's emphasis on speeding the collection process and with ample customer protection, to limit the liability of paying and collecting parties to the situation in which the intended payee did not receive the proceeds of the check.

The rationale is as follows: first, the payee (Chantilly Fleet Service) cannot sue in conversion because it received the funds and therefore was not damaged; second, the drawer (Crestar) may not sue the drawee-payor bank (FB&T) for improper charge because the funds have been used for their intended purpose, and it has not been damaged; finally, once the payee has received the funds, the payor bank cannot sue the collecting bank since it faces no liability as a result of the forgery and cannot benefit at the expense of the collecting bank. *Atlantic Bank of New York v. Israel Discount Bank, Ltd.,* 441 N.Y.S.2d 315 (1981).

While the present dispute does not include forgery (the intended payee simply stamped the wrong name and account on the check), the principles to be applied are similar. Crestar issued a cashier's check payable to Chantilly Fleet Service. The funds were deposited into the Chantilly Fleet Service account by the sole proprietor of the company. Therefore, Crestar was not damaged by the lack of a proper endorsement on the check. The Crestar memorandum is unpersuasive in part because all of the cases cited involved liability arising against drawee-payor banks from checks being deposited into unintended accounts.

Since the intended payee, Chantilly Fleet Service, received the funds from the check, FB&T's actions fall under the exception to Virginia Code section 8.4-207, and they should not be found in breach of their warranties of transfer and presentment. As pointed out by FB&T, Crestar's loss was caused by their making a bad loan and

their failure to secure the title to the vehicle to record their lien. Had Stolldorf made the required payments, Crestar could not maintain an action against FB&T to recover the proceeds of the improperly endorsed check. Additionally, FB&T eventually obtained the correct endorsement from Mark Wines, sole proprietor of Chantilly Fleet Service in response to Crestar's initial return of the check.

The second issue before the Court is whether FB&T had a duty to look behind the restrictive endorsement to ensure that a lien had been filed in Crestar's favor prior to accepting the check for deposit. The restrictive endorsement amounted to a contract between Crestar and Chantilly Fleet Services. FB&T was not a party to that contract, and liability cannot be imputed to it under that contract.

In a recent Virginia Supreme Court case, the Court has held that liability arose from a contract between a named payee and the payor bank when the payee failed to record a lien as agreed in endorsing the check. The court found that a contract had arisen when the payee endorsed the check. In not recording the lien, the payor had breached the contract. *United Virginia Bank of Fairfax v. Dick Herriman Ford, Inc.*, 225 Va. 373 (1974).

In the present case however, Crestar had a contract with Chantilly Fleet Service to deliver title to the car to Crestar. FB&T had no duty to ensure that Chantilly Fleet Service complied with the directions contained within the restrictive endorsement. The destruction of Crestar's lien was not the direct and proximate result of FB&T's action in negotiating the check.

In conclusion, Crestar is not entitled to recover for its loss from FB&T. Crestar returned the check and FB&T obtained the proper endorsement. However, even if the Crestar check were improperly endorsed, the funds were deposited into the named payee's account, and therefore the transaction falls into the equitable exception to Virginia Code § 8.4-207.

The restrictive endorsement directed the named payee to place a lien in favor of Crestar on the vehicle. FB&T had no responsibility towards Crestar concerning the recording of a lien and thus cannot be held liable for the payee's failure to perform.

Therefore, judgment is denied to Crestar.